[Montgomery Cooperage Company v. Carter, et al.]

# Montgomery Cooperage Company *v.* Carter, *et al.*

## *Assumpsit.*

(Decided Dec. 1, 1911.   57 South. 60.)

*Logs and Logging; Conveyance; Construction.*—The deed in this case stated and examined and it is held under it that plaintiff could not recover the advanced payment made if there was upon the land timber of the aggregate value of the payment, even if it be conceded that the original payment was merely an advance, and plaintiffs had not, during the life of the contract, cut enough timber to recoup themselves for said advanced payment.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Assumpsit by the Montgomery Cooperage Company against J. D. and F. C. Carter.  Judgment for defendants, and plaintiff appeals.  Affirmed.

The following is the deed referred to in the opinion: "State of Alabama, Marengo County.   Know all men by these presents, that we, J. D. Carter and wife, Nora Carter, F. C. Carter and wife, Anna Carter, for and in consideration of $500.00 in hand paid us by the Montgomery Cooperage Company, a corporation of Montgomery county, with its principal office in Montgomery county, receipt of same is herein acknowledged, together with other considerations hereinafter mentioned, we grant, bargain, sell, and convey, and covenant with the said Montgomery Cooperage Company, all our right, title, and interests in and to the following described stumpage standing and growing on the following lands, to wit, and following conditions: S. W. ¼ of fractional section 7, containing 58 acres; N. E. ¼ of fractional section 18, containing 90 acres; S. ½ of section 17, containing 320 acres; N. E. ¼ of section 16, containing 160

acres; S. ½ of section 16, containing 320 acres—all in township 15, range 1 east, containing in all 950 acres, more or less. In consideration whereof, we, J. D. Carter and wife, Nora Carter, F. C. Carter and wife, Anna Carter, agree to sell the Montgomery Cooperage Company, all the white oak, cow oak, over cup oak, red oak, water oak, willow oak, cypress, and ash that is suitable for making tight barrel staves and headings. And the said Montgomery Cooperage Company shall be the judge, and the sole judge, of such trees that will make tight barrel staves and headings, at the price and sum of $1.50 per M pieces, staves and headings, for such staves and headings as will make tight barrel, to be paid for as cut and shipped, after deducting the above-named five hundred dollars, then and thereafter to be paid for as cut and shipped as heretofore mentioned. To have and to hold, we warrant and defend the title of above-mentioned stumpage to the said Montgomery Cooperage Company for a period of 32 months from date hereof, as against all lawful claims from any person or persons whomsoever, together with the right of ingress, egress, or regress, together with the rights to make such roads as the Montgomery Cooperage Company may deem proper to do so, over or across said lands and all other lands owned by us, for the purpose of cutting or removing said stumpage. Given under our hands and seals this the 1st day of May, 1907. J. D. Carter. Nora Carter. F. C. Carter. Anna Carter. Witnesses: I. E. Boyett, W. E. Buckenridge." This deed was duly acknowledged and recorded.

The receipt referred to is as follows: "Received of J. C. Tolbert, by the Montgomery Cooperage Company, of Montgomery, Ala., $162.78, being part of the $500.00 advanced to us by the Montgomery Cooperage Company on stumpage contract of May 1, 1907, and by mutual

[Montgomery Cooperage Company v. Carter, et al.]

consent we have charged the Montgomery Cooperage Company with said account, and credited said Tolbert's account with the $162.78 above mentioned, said amount to be charged up against stumpage contract of May 1st. (Signed) J. D. Carter and Brother."

CHAMBLISS KEITH, for appellant. Where two writings are connected by a reference from one to the other they may be considered and construed as constituting a single contract.—*Robbins v. Webb*, 68 Ala. 393; *Jordan v. Jordan*, 65 Ala. 301; *Byrne v. Marshall*, 44 Ala. 355. Where the parties had given these writings a particular construction, such construction will generally be given effect by the courts.—*Comer v. Bankhead*, 70 Ala. 136; *Paxton v. Smith*, 59 Ala. 390. The contract and receipt should be considered together and due consideration given the relation of the parties, their connection with the subject matter, and the circumstances under which the papers were executed.—*Electric L. Co. v. Elder Bros.*, 115 Ala. 138. A receipt is given effect according to the intention of the parties.—Section 3973, Code 1907; *Steagall v. Wright*, 143 Ala. 204. Money had and received is an equitable action, and is supported by the facts in this case.—*King v. Martin*, 67 Ala. 177; *P. & M. I. Co. v. Tunstall*, 72 Ala. 142; *Steiner v. Clisby*, 103 Ala. 181. The court erred in giving the affirmative charge for the defendant.—*Bir. R. R. Co. v. Ensley*, 144 Ala. 343.

I. I. CANTERBURY, for appellee. There is a fatal variance between the allegation and the proof, and the general charge was properly given the defendant.—*Culver's case*, 75 Ala. 587; *Phillips' case*, 110 Ala. 542; *Touart's case*, 128 Ala. 61. The plaintiff could not recover under the second count of the complaint because he failed to show a special property in or title to the particular

24 CA

money claimed.—*Steiner Bros. v. Clisby,* 103 Ala. 181; *Hudson's case,* 125 Ala. 172. The contract furnishes no basis for a recovery by a plaintiff.—*Blythe v. Dargin,* 68 Ala. 377; *Caperton v. Hall,* 83 Ala. 171; *Lee v. Byrne,* 75 Ala. 132; *Stevenson, et al. v. Davis,* 163 Ala. 563.

PELHAM, J. (after stating the facts as above.)—The appellant sued as plaintiff in the court below for money due by account and for money had and received. The case was tried on the plea of the general issue interposed by the appellees, and resulted in the general charge being given by the trial court in favor of the appellees, the defendants below. The trial court's action in giving the general charge in favor of the appellees, and in refusing a like charge in behalf of the appellant, plaintiff below, is assigned as error.

It is the appellant's contention that the receipt given on or about the 28th day of November, 1907, should be taken and construed in connection with the deed conveying the timber executed May 1, 1907, and that when so taken and construed in connection with the deed the $500 paid under the terms of the deed will be deemed to be merely an advance of that amount on account of certain timber to be cut at the rate of $1.50 per thousand. (The reporter will set out the deed dated May 1, 1907, and the receipt given November 28, 1907, in the statement of the facts of the case.)

The deed, or contract of sale, is an absolute conveyance of certain timber by the appellees for a consideration of $500, providing that all over $500 worth of a certain kind of timber designated in the contract, at the rate of $1.50 per thousand, which is cut by appellant, shall be paid for at the designated price as cut and shipped. The contract, or conveyance, contains no warranty that there is sufficient timber of the kind desig-

nated, at the price stipulated per thousand, to amount to the price paid, to wit, $500; nor does it contain any stipulation for return of any part of the purchase price paid as a cash consideration, if there is not sufficient timber of the kind designated to amount to the price paid at the stipulated price. But even though the receipt, construed in connection with the conveyance, warranted such a construction as contended for by appellant, and the $500 paid as a cash consideration should be considered and held to be an advancement made by the appellant, it could not recover any part of it from the appellees, as due by account or for money had and received, if during the term or life of the contract there was a sufficient quantity of the designated timber on the land at $1.50 per thousand to amount to the sum of $500, the stipulated price. For aught that appears from the testimony, there may have been a sufficient amount of the timber at $1.50 per thousand to aggregate the total amount paid of $500, which appellant negligently failed or purposely refused to cut during the term of the contract. There was no proof whatever offered on the trial to show that there was not timber of the designated kind on the land sufficient to aggregate $500 at $1.50 per thousand. True, the appellant was to be the judge of the suitableness of the timber for the purpose for which it was purchased; but it was not shown but that there was such timber on the land during the period that the contract was in force which the appellant deemed suitable and purposely did not avail himself of the right of using.

The $500 was undisputably paid for certain timber on certain land, and if the timber was there in sufficient quantity at the agreed price to aggregate the amount paid, and was not cut or used by appellant through no fault of the appellees, then no part of the $500 paid by

the appellant to the appelees could be recovered in this. suit. The appellant testified that "the staves and headings cut under said contract amounted to $168.61"; but how much more timber was on the land suitable for cutting, even in the judgment and discretion of the appellant, for staves and headings, does not appear from the evidence. The bill of exceptions purports to set out all of the evidence; but, for anything that appears to the contrary, there may have been more than sufficient timber, at the agreed price, to amount to the purchase price of $500, and, if so, then, even if we construe the deed and receipt together and consider the price paid as an advance at so much per thousand for the timber, as is the appellant's contention, yet it would not be entitled to recover back from the defendants any part of the purchase price paid them, in the absence of all proof that there was not sufficient timber of the designated kind on the land to amount in the aggregate to $500 at $1.50 per thousand feet.

Viewing the evidence in the most favorable light to the appellant, and giving the contract and receipt the construction contended for by it, the appellant would still be without right to recover, and the court committed no error in giving appellees the general charge. It follows that there was no error in refusing the general charge in behalf of the appellant, and the case will be affirmed.

Affirmed.